UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JERILYNN WOOD,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-04-04457** |
| | § | |
| **HOUSTON POSTAL CREDIT UNION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant's Motion for Summary Judgment (Docket # 41) and Plaintiff's Motion to Strike "New Evidence" in Defendant's Reply (Docket # 53). For the following reasons, Defendant's Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Strike is **DENIED AS MOOT**.

This case involves claims of race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Plaintiff, who is white, alleges that her African-American supervisor terminated her employment on the basis of her race, and that he then replaced her with an African-American employee. Defendant claims that it terminated Plaintiff because of her performance problems and failure to follow her supervisor's instructions. Defendant has moved for summary judgment, arguing that Plaintiff has failed to establish a prima facie case of race discrimination, and that she cannot show that Defendant's proffered reasons for terminating Plaintiff were a pretext for discrimination.

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law, based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (citations omitted).  If the moving party shows that there is a lack of evidence to support the nonmoving party's case, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* (quotation omitted). The nonmovant cannot satisfy this burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).  Evidence is construed in the light most favorable to the non-moving party.  *Kee*, 247 F.3d at 210.

In Title VII and Section 1981 cases, a plaintiff may prove employment discrimination with circumstantial evidence, using the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001) (Title VII claims); *Bryan v. McKinsey & Co.,* 375 F.3d 358, 360 (5th Cir. 2004) (Section 1981 claims).  Under this framework, a plaintiff must first establish a prima facie case of discrimination.  *Wallace*, 271 F.3d at 219.  The employer then bears the burden of producing a legitimate, non-discriminatory reason for its actions.  *Id.*  Once the employer offers a legitimate, non-discriminatory reason for the plaintiff's treatment, the presumptions of the *McDonnell Douglas* framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination. *Id.*  To satisfy this burden, a plaintiff must produce substantial evidence that the employer's proffered reasons for its actions were a pretext for discrimination.  *Id.*  A plaintiff can establish pretext "either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'"  *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000)).

To survive a motion for summary judgment, a plaintiff must first establish a prima facie case of intentional discrimination by showing that: (1) she belongs to a protected group; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) she was replaced with a similarly qualified person who was not a member of her protected group, or, in the case of disparate treatment, that similarly situated employees were treated more favorably than she. *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Here, Plaintiff has presented evidence adequate to establish a prima facie case of discrimination. Defendant does not dispute that Plaintiff belongs to a protected group, that she was qualified for her position, and that she suffered an adverse employment action when she was terminated. Additionally, Plaintiff has presented evidence that she was replaced by a similarly qualified, African-American employee, Henry Udoewa. Plaintiff's evidence indicates that, while Udoewa had a different job title, he assumed all of her job duties except for one. Plaintiff also points to statements made by Defendant's previous counsel, referring to Udoewa as Plaintiff's replacement. This evidence establishes a prima facie case of discrimination sufficient for Plaintiff to avoid summary judgment.

The burden therefore shifts to Defendant, to articulate a legitimate, non-discriminatory reason for terminating Plaintiff. Defendant has successfully met this burden, by its explanation that it terminated Plaintiff for work performance problems. Specifically, Defendant has pointed to Plaintiff's difficulty reacting to change, her unwillingness to accept other employees' viewpoints, and her disregard of her supervisor's instructions not to talk to examiners during an audit. Accordingly, Plaintiff must raise a genuine issue of material fact as to whether this explanation is merely pretext, such that a reasonable factfinder could infer discrimination. Plaintiff has successfully met this burden.

Plaintiff's strongest evidence of pretext consists of Defendant's differing explanations for her termination. Plaintiff has shown that when her supervisor, Vladimir Stark, terminated her, he informed her that her job was being eliminated, and that her job duties were being assigned to other employees. In its summary judgment motion, however, Defendant claims that it terminated Plaintiff for her poor performance and her disregard of Stark's instructions when she spoke with audit examiners. While these reasons are not necessarily inconsistent, Defendant's articulation of two, separate reasons for Plaintiff's termination raises a factual issue as to the credibility of these explanations. Additionally, the substantial evidence of Plaintiff's good performance and excellent reviews calls into question the veracity of Defendant's explanation that Plaintiff was terminated for poor performance. Plaintiff has presented sufficient evidence to create a genuine issue of fact as to whether Defendant's proffered explanations for her termination were pretext for discrimination. Accordingly, summary judgment for Defendant is inappropriate, and Defendant's motion is **DENIED**.

Finally, Plaintiff has moved to strike the additional evidence that Defendant submitted with its Reply in support of its summary judgment motion. Because the Court finds that summary judgment is not warranted regardless of Defendant's additional evidence, Plaintiff's motion is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** this 1st day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.