UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JERILYNN WOOD,** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | **CIVIL ACTION NO. H-04-04457** |
| | § | |
| **HOUSTON POSTAL CREDIT UNION,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

At a hearing before the Court on March 15, 2006, Defendant requested the Court to compel Plaintiff to prepare and disclose information relating to Plaintiff's investment of her pension funds from 2003 until the present time. Specifically, Defendant sought to discover the rate or rates of interest that Plaintiff has been earning on her pension funds. Defendant contends that this information is necessary and relevant to the discount rate that should be used to discount Plaintiff's pension benefits to present value. Both parties submitted case citations to the Court following the hearing.

Having considered the parties' arguments and authorities, the Court declines to compel Plaintiff to disclose the requested information. Most importantly, Defendant made this untimely discovery request less than two weeks prior to trial, and failed to give adequate explanation for its delay. Additionally, Defendant's cited cases do not provide support for its contention that the actual rate of interest that Plaintiff has earned on her pension benefits for the last two or three years is relevant to the discount rate that should be applied to the entirety of Plaintiff's pension benefits. Selection of a discount rate to be used in making a present value calculation of damages incurred over a lengthy continuum is a question of fact for the jury, and the parties' experts may present evidence and be cross-examined on this issue. *Monessen Southwest Ry. Co.*

*v. Morgan*, 486 U.S. 330, 340-41 (1988); *Huggs, Inc. v. LPC Energy, Inc.*, 889 F.2d 649, 657 (5th Cir. 1989). Evidence relating to an actual interest rate earned over a much shorter period of time is of little, if any, probative value, and such value is more than offset by the potential confusion and prejudice. FED. R. EVID. 403. Defendant's request for the discovery of this information is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 16th day of March, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**